STATE ex Shurte v. MURRAY et.

Ohio Appeals, 1st Dist., Butler Co.

No. 397. Decided Mar. 5, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

448. ELECTIONS—Political—681. Jurisdiction—887. Parties.
Court cannot issue order to election officials who are not parties in case.
923. PLEADINGS—384. Demurrer.
Petition asking court to require election officials to properly count votes, which does not allege ballots are disputed ballots, but alleges that they are ballots that were not counted, does not state cause of action.

In Quo Warranto.
Petition dismissed.

P. P. Boli, Hamilton, for State ex.
M. O. Burns, Hamilton, for Murray et.

FULL TEXT.

PER CURIAM.
This is an original action, ostensibly a proceeding in quo warranto, whereby the relator seeks to have three ballots counted, which he claims were not counted, through accident, mistake, or fraud, in the canvassing of the election for township trustees. He claims said three ballots would have given him three additional votes, sufficient to entitle him to election to the office.

The prayer is that this court require the election officers of Liberty Township, Butler County, Ohio, to properly count the votes, and declare the relator elected as such trustee.

The case was presented on a motion to make the petition definite and certain.

Upon examination we find the petition demurrable, and we will consider the petition as upon demurrer.

We are of opinion that there is no cause of action stated; neither is there jurisdiction in this court to grant the relief prayed for.

We are asked to issue an order to the election officials of Liberty Township, Butler County, Ohio. These officials are not made parties in the case. The case of State of Ohio ex rel v. Board of Deputy State Supervisors and Inspectors of Elections, 111 Ohio St. 203, is in point. The petition does not allege the ballots are disputed ballots, but alleges that they are ballots that were not counted. Disputed ballots are ballots that have been considered, but have either been rejected or not counted according to law.

The petition in this case presents the proposition that the ballots are undisputed ballots, but were omitted in the count. In the opinion in the case of State ex rel v. Board of Elections, supra, the Chief Justice cites the opinion in the case of Wood v. Russell, et al., 101 Ohio St. 365, and quotes from the opinion as follows:

"No provision of the statute has been called to our attention which confers upon the deputy state supervisors the right to make a recount of the ballots at any election held under their supervision."

Further, in the opinion, the Chief Justice, says:

"We find nothing in the statutes enjoining a duty upon the board of elections to count any ballots other than disputed ballots. A careful search of all the laws applying to both primary and general elections discloses that the undisputed ballots can only be counted in case of a contested election, by the court or body trying such

contest, and then only in open court, or in open session of such body, and in the presence of the officers having the custody thereof."

If the Board of Elections cannot be required to count undisputed ballots, no more can the election officials be required to do so, in the absence of statutory authority. It would seem that the attempt here is to cause a thing to be done indirectly which could not be done directly.

Our conclusion is that the petition should be dismissed.

(Hamilton, PJ., Mills and Cushing, JJ., concur.)